187 So. 275

## Succession of BEALS.

### No. 34618.

Feb. 6, 1939.

R. A. Dowling and Harold J. Moore, both of New Orleans, for appellants.

Cahn & Cahn, of New Orleans, for appellees.

PONDER, Justice.

In this suit the plaintiffs seek to annul the will herein and to be declared the sole heirs of the decedent.

Joseph C. Beals died December 15, 1934, in the City of New Orleans, leaving a last

will and testament made in olographic form dated February 8, 1934. In the will the decedent made bequests to various parties and the residue of his estate was bequeathed to his surviving wife, Julia C. Beals. The surviving wife, Julia C. Beals, was designated in the will as the executrix without bond. The will was duly probated and the surviving wife was duly qualified as executrix and sent into possession by a judgment of court of the property of the deceased as surviving spouse in community and as residuary legatee. The plaintiffs herein, the nephews and nieces of the deceased, instituted this suit to annul the will and to be declared the owners of the property as the sole heirs of Joseph C. Beals, deceased, on the following grounds: (1) that the will was not entirely written, dated and signed by the deceased, (2) that at the time the decedent made the will, he was in failing health and not mentally capable of making the will or to understand the dispositions appearing therein, and (3) that the handwriting in the will and the signature thereto is not that of the decedent. After answer was filed, the case was tried and the lower court rendered judgment rejecting the plaintiffs' demands. It is from this judgment that the plaintiffs have appealed. There were exceptions and other pleadings filed in this suit which it is unnecessary to recite since they are not pertinent to this decision.

An examination of the record shows that no evidence was offered on behalf of the plaintiffs to show that the decedent was not capable of making the will or of understanding it at the time the will was

made. However, there is evidence in the record on behalf of the defendants showing that the decedent was of sound mind at the time the will was made. The plaintiffs in their brief and the plaintiffs' counsel in his argument attacks the will solely on the ground that the will was not entirely written, dated and signed in the handwriting of the testator. An examination of the record discloses that the plaintiffs on the trial of the case produced an expert witness who testified in effect that the will was not entirely written, dated and signed by the testator. The defendants produced an expert witness who testified that the will was entirely written, dated and signed in the handwriting of the testator. Both of the expert witnesses arrived at their conclusions by comparison with certain writings of the decedent composed of registration cards, post cards, checks, etc.

The testimony of the two expert witnesses is in direct conflict and their testimony cannot be reconciled. In addition to the expert witness the defendants produced the decedent's two stepsons, who testified that they had frequently seen the decedent write, were familiar with the decedent's handwriting and that the will was entirely written, dated and signed in the handwriting of Joseph C. Beals, deceased. Another witness on behalf of the defendants testified that he had been employed by the decedent as a book-keeper for the last ten years, that he had frequently seen the decedent write, that he

was familiar with the handwriting of the decedent and that the will was entirely written, dated and signed in the handwriting of Joseph C. Beals, deceased. This witness testified that he was not related to Joseph C. Beals or his wife. The preponderance of the testimony unquestionably shows that the will was entirely written, dated and signed in the handwriting of Joseph C. Beals. A comparison of the handwriting in the will with the proven writings of the decedent in this record shows that they are the same handwriting. Furthermore, from the testimony it appears that the decedent married the surviving spouse, Mrs. Julia C. Beals, in 1908, at which time she was a widow and the mother of two boys, issue of a former marriage. The boys lived with the decedent until they were married and were working with him at the time of his death. The plaintiffs' testimony shows that they had not visited the decedent within the last fourteen years. Moreover, it would appear that it would only be reasonable and the natural thing for the decedent to will his estate to his wife who had lived with him for twenty-six years instead of leaving it to his nieces and nephews who from their own evidence admit that there was no closeness between themselves and Joseph C. Beals's family for the last fourteen years.

For the reasons assigned the judgment is affirmed at appellants' cost.